Smith & Ells, Toledo, Ohio, for plaintiff.

Milton C. Boesel, Toledo, Ohio, for defendant.

## GREEN BAY AUTO DISTRIBUTORS, Inc.
## v. WILLYS–OVERLAND MOTORS, Inc.

### Civ. A. No. 6512.

United States District Court
N. D. Ohio, W. D.
May 29, 1951.

KLOEB, District Judge.

This matter comes before the Court on a motion of the defendant to strike numerous portions from the two separate causes of action contained in the complaint, to make the complaint definite and certain in particulars set forth in the motion, and for an order requiring plaintiff to comply with Rule 8 of the Federal Rules of Civil Procedure, 28 U.S.C.A., by filing an amended complaint drawn in accordance with said rule.

Concurrently with the filing of the aforesaid motion, the defendant filed a motion praying the Court for an order restraining the parties to the action from taking depositions until a final disposition has been made of the motion to strike and to make definite and certain.

The complaint contains two causes of action that cover a total of twenty-three pages. The first cause of action apparently charges that the plaintiff was falsely and fraudulently induced to enter into an exclusive distributor's sales agreement with the defendant. The second cause of action, after incorporating each and every allegation contained in the first cause of action, apparently charges that the defendant wrongfully, knowingly, intentionally, maliciously and without reasonable justification, and in bad faith, cancelled the exclusive distributor sales agreement.

Rule 8(a) of the Federal Rules of Civil Procedure reads as follows:

"Rule 8. General Rules of Pleading

"(a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, crossclaim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends; unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded."

Rule 8 (e) (1) reads as follows:

"(e) Pleading To Be Concise and Direct; Consistency.

"(1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required."

Rule 12 (f) reads as follows:

"(f) Motion to Strike. Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

The complaint is so violative of the requirements of Rule 8 above set forth as to render it futile for the Court to follow specifically and to act on the complaints set forth in that part of the motion which seeks to strike from the complaint, and the same difficulty presents itself to the Court in connection with that part of the motion which seeks to require definiteness and certainty in the pleading.

The complaint contains so much redundant, immaterial, impertinent and scandalous matter as that the Court feels that any attempt to correct it as written would be a difficult task.

The Court therefore orders the entire complaint stricken and instructs the filing of an amended complaint which should be drawn in accordance with the requirements of Rule 8, should omit the pleading of opinion and evidentiary matters, and should confine itself to stating in simple, concise and direct language the matters complained of.

The amended complaint may be filed within 15 days.

The motion to restrain the taking of depositions becomes moot upon the entering of this order and is therefore disregarded.

An order may be drawn accordingly.